Vermont Superior Court
Filed 04/13/26
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-04864

| Estate of Dennis J. Mayotte, Jr., et al v. Kelly D'Ottavio, et al |
|---|

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss; Motion for Extension of Time to Answer Partial ;
FOLLOWING THE COURTS DECISION ON THEIR MOTION TO DISMISS (Motion: 4; 5)
Filer:        Pamela Eaton; Pamela Eaton
Filed Date:    February 26, 2026; February 26, 2026

The motion is GRANTED IN PART and DENIED IN PART.

Defendants' partial motion to dismiss is **Granted in part and Denied in part**; their motion to extend the time to file an answer is **Granted**.

In 2023, Dennis Mayotte was a pretrial detainee in the custody of Defendant the Vermont Department of Corrections (DOC or the State) at Southern State Correctional Facility (SSCF). In the short time he was there, he attempted to commit suicide three times. During his second attempt, he injured himself quite seriously and was hospitalized. Shortly after this hospitalization, DOC returned Mr. Mayotte to SSCF where he made his third effort and died by hanging. Mr. Mayotte's wife, Jennifer Mayotte, has brought this case in her own behalf and in her capacity as the administrator of his estate. In general, she alleges that Mr. Mayotte's treatment and supervision while at SSCF was deeply deficient, and that those deficiencies led to Mr. Mayotte's death.

Ms. Mayotte's legal claims are framed as follows: (1) medical malpractice; (2) negligence; (3) gross negligence; (4) deliberate indifference to serious medical needs under the Eighth Amendment; (5) survival action; (6) wrongful death; and (7) loss of consortium. Defendants include the State of Vermont DOC, Mr. Timothy Wilke (alleged to have been a DOC shift supervisor during Mr. Mayotte's third effort), and Ms. Kelly D'Ottavio (alleged to have

1

been Mr. Mayotte's treating psychologist, employed by the DOC's healthcare contractor).[1]

Defendants have filed a Rule 12(b)(6) partial motion to dismiss. They argue that the substantive counts (1, 3, and 4) other than negligence (which is not at issue in their motion) are insufficiently pled, factually, to state claims. They argue that counts 5 and 6 should be dismissed because they are not standalone claims and add nothing to counts 1–4. They also contend that Mr. Mayotte's death limits Ms. Mayotte's personal claim to whatever damages Vermont's wrongful death statute permits, and therefore, count 7 also should be dismissed. Separately, Defendants have filed a motion to extend, seeking 14 days in which to file an answer after the court rules on their motion to dismiss.

1.      *Defendants' Motion to Extend*

Defendants seek leave to file their answers within 14 days of the court's ruling on their motion to dismiss. Their motion cannot dispose of the case because it does not address one of Ms. Mayotte's claims. Ms. Mayotte does not object to an extension. Nevertheless, the State's concern is that some courts have interpreted the 14-day extension of time to file an answer, Rule 12(a)(3), when there has been a Rule 12(b) motion to *not* apply to any claims that are not subject to a partial motion to dismiss. The Court does not interpret Rule 12(a)(3) in this manner. The wiser course is to interpret the automatic extension to apply in these circumstances. See V.R.C.P. 1. Wright & Miller elaborates on the reasoning for this interpretation:

> Although some federal courts have concluded that service of a Rule 12(b) motion directed at only parts of a pleading does not enlarge the period of time for answering the remaining portions of the pleading, the better view—supported by the weight of the limited authority on this point—is that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion. Not taking this

---

[1] Ms. Mayotte alleges that, during the underlying events, healthcare for Vermont inmates and detainees was provided by Wellpath, Inc. She further alleges that Ms. D'Ottavio was a Wellpath employee. While Ms. Mayotte purports to sue Ms. D'Ottavio "in her individual capacity and as an employee of Wellpath, Inc.," Wellpath is not a named defendant. There is no proof that it has been served, and it has not appeared in this case. It therefore is not a party to this case. Ms. Mayotte also purports to be suing four "Doe" defendants, Jane and John (alleged to be Wellpath employees) and Janet and Joe (alleged to be DOC employees). The ostensible Does are "placeholders" for what the court presumes is an anticipated amendment to the complaint in the future, pending discovery. Thus far, none of the Does has been identified, there is no proof that any has been served, and none has appeared in this case. They are not parties to this case at this time. The State has both appeared and expressed its intention to file an answer after the court rules on the motion to dismiss, to which it is a proponent. There is, however, no proof or waiver of service on file as to the State. There are returns showing personal service on Ms. D'Ottavio and Mr. Wilke. For purposes of this decision, the court refers to the State, Ms. D'Ottavio, and Mr. Wilke collectively as "Defendants" unless context requires otherwise.

approach would require duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and cause confusion over the proper scope of discovery during the motion's pendency.

5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1346 (4th ed.) (footnotes omitted).

For these reasons, Defendants' motion to extend is **Granted**.

2. *Rule 12(b)(6) standard*

A motion to dismiss for failure to state a claim faces a high bar. The Vermont Supreme Court has described the familiar standard for Rule 12(b)(6) motions to dismiss for failure to state a claim as follows:

> "A motion to dismiss . . . is not favored and rarely granted." This is especially true "when the asserted theory of liability is novel or extreme," as such cases "should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the allegations." In reviewing a motion to dismiss, we consider whether, taking all of the nonmoving party's factual allegations as true, "'it appears beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief." We treat all reasonable inferences from the complaint as true, and we assume that the movant's contravening assertions are false.

*Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309 (citations omitted); see also 5B A. Benjamin Spencer, et al., Fed. Prac. & Proc. Civ. § 1357 (4th ed.) ("Ultimately, the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

Largely in footnotes, Defendants express disagreements with numerous factual allegations in the complaint. For its part, in opposition to dismissal, Ms. Mayotte has submitted a report of her expert into the record. The court limits its analysis of Defendants' motion to the four corners of the complaint.

3. *The Does*

Some of Defendants' dismissal arguments are asserted on behalf of the Does in their individual capacity. The court declines to address any such arguments. The Does are not parties to this case, the purported employer to two of the Does (Wellpath) is not a party to this case, and the dismissal arguments as to the remaining two Does, alleged to be State employees, are not obviously predicated on the State's ultimate liability under a respondeat superior theory. For these reasons, the Court will not preemptively dismiss the Doe parties at this time as they are not

truly parties and neither Plaintiff nor Defendants have had an opportunity to fully plead the allegations to these specific individuals.

4.     *Counts 1, 3, and 4*

Defendants seek dismissal of Ms. Mayotte's medical malpractice, gross negligence, and deliberate indifference claims because, in their view, and as they interpret the allegations, the facts are insufficient to satisfy all the elements of these torts.  The court declines to weigh the allegations in this manner.  "Vermont has 'extremely liberal' notice-pleading standards.  '[T]he threshold a plaintiff must cross in order to meet our notice-pleading standard is 'exceedingly low.'  A complaint need only be 'a bare bones statement that merely provides the defendant with notice of the claims against it,' for its 'purpose is to initiate the cause of action, not prove the merits of the plaintiff's case.'"  *Huntington Ingalls Indus., Inc. v. Ace Am. Ins. Co.*, 2022 VT 45, ¶ 40, 217 Vt. 195 (citations omitted).  Defendants do not lack fair notice of Ms. Mayotte's claims, the allegations are sufficient to initiate this cause of action, and the complaint otherwise is not clear that the asserted claims cannot be successful once the evidence is developed.

Defendants' motion to dismiss is **Denied** as to these claims.

5.     *Counts 5 and 6*

Defendants further seek dismissal of counts 5 (survival action) and 6 (wrongful death). They argue that these are not standalone claims.  Rather, Vermont's survival statutes, 14 V.S.A. §§ 1451–1455, as they relate to this case, principally describe what underlying claims "survive" the death of the would-be plaintiff.  Vermont's wrongful death statutes, 14 V.S.A. §§ 1491–1492, describe what damages are permitted, and to whom, on account of the tort-victim's death. See *Clymer v. Webster*, 156 Vt. 614, 619–20 (1991) (The Act "does not create a new cause of action.").  Ms. Mayotte is not attempting to bring any independent claim with these counts, and she expressly concedes that neither is a standalone claim.  See Ms. Mayotte's Opposition to Dismissal at 8 (filed March 23, 2026) ("Plaintiffs do not contend that these represent stand-alone claims.").  Nor are Defendants trying to take anything away from Ms. Mayotte by seeking the dismissal of these claims.  Rather, they are simply seeking to eliminate unnecessary surplusage from the complaint.  Dismissal of these claims does not prejudice Ms. Mayotte.  Everyone understands that she is asserting torts against Defendants and seeking wrongful death damages.

For these reasons, Defendants' motion to dismiss is **Granted** as to these claims.

6.     *Count 7*

Defendants argue that Ms. Mayotte's loss of consortium claim should be dismissed because she (personally) can only be entitled to whatever damages Vermont's wrongful death statute will bear.  Implicit in this argument is that she is not seeking any such damages that might have accrued prior to Mr. Mayotte's death.  The court agrees that the complaint cannot reasonably to be understood to point toward any such pre-death damages.

Less clear to the court is whether by claiming "loss of consortium" damages Ms. Mayotte is seeking anything that would not be compensable under 14 V.S.A. § 1492.  Defendants in fact do not specify anything in particular that they think Ms. Mayotte is claiming that is not permitted under § 1492.  Rather, they merely hold out the possibility the loss of consortium might be a broader concept than what is available under § 1492.

The Court agrees that Ms. Mayotte's consortium or consortium-like damages in this case cannot be broader than what § 1492 permits, and the Court already has ruled that there is no point to the assertion of wrongful death as though it is an independent claim.  This is a mere matter of the extent of available damages, categories of which do not need to be asserted as separate counts to a complaint.  The court takes no position at this time on the permissible scope of damages under § 1492.

Defendants' motion to dismiss count 7 is **Granted** to the extent that it eliminates a redundancy in the pleadings and that the claim seeks damages beyond 14 V.S.A. § 1492.

## ORDER

For the foregoing reasons, Defendants' motion to extend is **Granted**.  Their partial motion to dismiss is **Granted in part and Denied in part**.

Electronically signed on 4/10/2026 5:58 PM pursuant to V.R.E.F. 9(d)

_____
Daniel P. Richardson
Superior Court Judge